UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NICK LIANTONIO
on behalf of himself and
all other similarly situated consumers

                     Plaintiff,

      -against-

DYNAMIC RECOVERY SOLUTIONS, LLC
AND LVNV FUNDING LLC

                     Defendant.

---

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Nick Liantonio seeks redress for the illegal practices of Dynamic Recovery Solutions, LLC and LVNV Funding LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant Dynamic's principal place of business is located in Greenville, South Carolina.

5. Upon information and belief, Defendant LVNV Funding's principal place of business is located in Greenville, South Carolina.

6. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendants are "debt collector[s]" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6). Defendant LVNV purchased the debt while it was in default rendering it a debt collector even though it appears to be the current creditor.

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Nick Liantonio*

10. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about April 20, 2021 Defendants sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. The said April 20, 2021 letter, instead of it being sent to Plaintiff directly from its own offices, Defendants sent information regarding Plaintiff and the alleged debt to a commercial mail-house ("mail house").

13. As such, Defendants had disclosed to the mail house, the Plaintiff's status as a debtor and other highly personal pieces of information.

14. The mail house then populated much of Plaintiff's private information into a pre-written template, printed it, and mailed the letter to the Plaintiff's residence.

15. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of

information regarding a debt directly or indirectly to any person through any medium."

16. The sending of an electronic file containing information about Plaintiff's purported debt to a mail house is therefore a communication.

17. Defendants' communication to the mail house was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

18. Plaintiff never consented to having his personal and confidential information, concerning the debt or otherwise, shared with anyone else.

19. Section 15 U.S.C. 1692c(b) of the FDCPA states:

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the **consumer, his attorney, a consumer reporting agency** if otherwise permitted by law, **the creditor, the attorney of the creditor, or the attorney of the debt collector**." (emphasis added).

20. The mail house used by Defendants as part of its debt collection efforts against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b).

21. Due to Defendants' communication to this mail house, information about the Plaintiff, including his name, the amount allegedly owed, and his home address are all within the possession of an unauthorized third-party.[1]

22. Defendants unlawfully communicate with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

---

[1] Brown v. Van Ru Credit Corp., 804 F.3d 740, 743 (6th Cir. 2015). If a debt collector ("conveys information regarding the debt to a third party - informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information.")

23. In its reckless pursuit of a business advantage, Defendants disregarded the known, negative effect that disclosing sensitive and personal information to an unauthorized third-party has on consumers. See Hunstein v. Preferred Collection & Mgmt. Servs., Case No. 8:19-cv-983-T-60SPF (M.D. Fla. Oct. 29, 2019) (Preferred's transmittal to Compumail included specific details regarding Hunstein's debt: Hunstein's status as a debtor, the precise amount of his debt, the entity to which the debt was owed, and the fact that the debt concerned his son's medical treatment, among other things. It seems to us inescapable that Preferred's communication to Compumail at least "concerned," was "with reference to," and bore a "relationship [or] association" to its collection.)

24. Defendants violated 15 U.S.C. § 1692c(b) for disclosing information about Plaintiff's alleged debt to the employees of an unauthorized third-party mail house in connection with the collection of the debt.

25. Defendants violated 15 U.S.C. § 1692f by using unfair means in connection with the collection a debt, to wit, knowingly disclosing sensitive and personal information about Plaintiff, to third parties not expressly authorized under the FDCPA.

26. Said April 20, 2021 letter states in part as follows: "Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have."

27. While the language states that the disclosure will not affect the rights, it is not sufficient for the least sophisticated consumer.

28. The consumer would understand that even with the reporting by LVNV Funding LLC, the Plaintiff would be able to dispute the debt.

29. The language then becomes meaningless as disputing the debt would still cause the debt to be on the report.

30. The Defendants have failed to include a more meaningful disclosure so that the Plaintiff could dispute the debt.

31. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

32. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

33. Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

34. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

35. Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

36. Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

37. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

38. These deceptive communications additionally violated the FDCPA since they frustrate

the consumer's ability to intelligently choose his or her response.

39. As an actual and proximate result of the acts and omissions of Defendants, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

40. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty nine (39) as if set forth fully in this cause of action.

41. This cause of action is brought on behalf of Plaintiff and the members of a class.

42. The class consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 20, 2021; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to LVNV Funding LLC; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692c(b), 1692e(10). 1692f and 1692g for disclosing information about Plaintiff's alleged debt to the employees of an unauthorized third-party mail house in connection with the collection of the debt, for using unfair means in connection with the collection a debt and for contradicting the Plaintiff's right to dispute the debt and seek verification thereof.

43. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

the consumer's ability to intelligently choose his or her response.

39. As an actual and proximate result of the acts and omissions of Defendants, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

40. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty nine (39) as if set forth fully in this cause of action.

41. This cause of action is brought on behalf of Plaintiff and the members of a class.

42. The class consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 20, 2021; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to LVNV Funding LLC; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692c(b), 1692e(10). 1692f and 1692g for disclosing information about Plaintiff's alleged debt to the employees of an unauthorized third-party mail house in connection with the collection of the debt, for using unfair means in connection with the collection a debt and for contradicting the Plaintiff's right to dispute the debt and seek verification thereof.

43. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.,* the class members), a matter capable of ministerial determination from the records of Defendants.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

44. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

45. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

46. Collection attempts, such as those made by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

47. The Defendants actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

48. Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendants and award damages as follows:

A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
July 25, 2021

Adam J. Fishbein, P.C. (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

9

Nick Liantonio
3 Marseille Dr
Locust Valley, NY 11560-1111

April 20, 2021

**DYNAMIC RECOVERY SOLUTIONS**
Dynamic Recovery Solutions, LLC
135 Interstate Blvd. | Greenville, SC 29615

**DRS Reference Number: 958577584**
Original Creditor: Credit One Bank, N.A. • Original Account Number: ************4511
Current Creditor: LVNV Funding LLC • Reference Number: 673680377
Total Outstanding Balance: $823.32

Itemization of balance: Charge-off Balance: $823.32 • Interest Accrued since Charge-off: $0.00
Non-interest charges accrued since charge-off: $0.00 • Non-interest fees accrued since charge-off: $0.00
Total amount of payments made on the debt since the charge-off: $0.00

Dear Nick Liantonio,

The above referenced account has been placed in our office for collection. In order to assist you in resolving this debt, we can offer the following options:

① You may resolve your account for **$329.33**. To accept, make your payment by **June 5, 2021**. We are not obligated to renew this offer.

② You may resolve your account for **$370.49** in 2 payments of **$185.25 and $185.24**. To accept, make your first payment by **June 5, 2021** and your second payment by **July 5, 2021**. We are not obligated to renew this offer.

③ You may resolve your account for **$411.66** in 3 payments of **$102.92** and a final payment of **$102.90**. To accept, make your first payment by **June 5, 2021** and your second payment by **July 5, 2021** and your third payment by **August 4, 2021** and your fourth payment by **September 3, 2021**. We are not obligated to renew this offer.

The offers listed are not your only options. If you are unable to accept one of the offers, we take pride in working with consumers regardless of your current financial position. Please contact our office to discuss your options.


Customer Service: 800-414-2155
TTY: 800-877-8339


http://www.drscustomerportal.com/


PO BOX 25759
GREENVILLE, SC 29616-0759

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

Sincerely,
Dynamic Recovery Solutions, LLC

**PLEASE SEE THE REVERSE SIDE FOR IMPORTANT INFORMATION.**
Please Detach And Return in The Enclosed Envelope With Your Payment.

Payment Options: Online - visit us at http://drs.csaimpact.com/negotiator • Money Gram - use code 7153
Toll Free Phone: 800-414-2155 • Check or Money Order - payable to Dynamic Recovery Solutions

PO BOX 25759
GREENVILLE, SC 29616-0759

| TO PAY BY CREDIT CARD PLEASE COMPLETE THE SECTION BELOW | ☐ VISA | ☐ | ☐ Check | ☐ Money Order |
|---|---|---|---|---|
| CARD NUMBER | | | EXP. DATE | |
| SIGNATURE | | | SECURITY CODE | |

| DRS REFERENCE NUMBER | CIRCLE PAYMENT OPTOIN | AMOUNT |
|---|---|---|
| 958577584 | 1  2  3 | |

Nick Liantonio
3 Marseille Dr
Locust Valley, NY 11560-1111

DYNAMIC RECOVERY SOLUTIONS
PO BOX 25759
GREENVILLE, SC 29616-0759



PCI Security Standards Council
PCI COMPLIANT

958058  00000388
D4OP  DYNRS.wfd
Page 1 of 2